Estelle L. Jarvis, Respondent, _v._ Metropolitan Street Railway
Company, Appellant, Impleaded with Rufus Darrow.

_Evidence received to perfect a hypothetical question, so as to support the answer
already made thereto — to be available on appeal an objection taken before, must be
renewed thereafter._

It is within the discretion of the court to permit a defect in evidence to be sup-
plied in order to perfect a hypothetical question, and to support the answer
made by an expert witness thereto.  If, after the question has been perfected
by supplying the missing evidence, the opposing counsel fails to renew an
objection made before the defect was remedied, he must be deemed to have
waived the point.

Appeal by the defendant, the Metropolitan Street Railway Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings on the
6th day of June, 1901, upon the verdict of a jury for $1,900, and
also from an order entered in said clerk's office on the 10th day of
June, 1901, denying the said defendant's motion for a new trial
made upon the minutes.

_Charles F. Brown_ [_Henry A. Robinson_ with him on the brief],
for the appellant.

_Alfred C. Cowan_ [ _W. C. Beecher_ with him on the brief], for the
respondent.

Woodward, J. :

This action was brought to recover damages for a personal injury
sustained by the plaintiff in an accident while a passenger in one of
the cars of the defendant, the details of which are not material here
as no question is raised as to the negligence of the defendant or the
absence of contributory negligence on the part of the plaintiff.
The points argued by counsel relate wholly to the damages, which
were assessed by the jury at $1,900, upon which a judgment for
$2,149.59 has been entered.

One Dr. Smith was called as an expert witness in behalf of the
plaintiff, and after testifying to the facts in reference to an exami-
nation of the plaintiff which he had made for the purpose of testi
fying, he was asked the following hypothetical question :

" Assuming the case of a woman who was well and strong prior
to January 11th, 1900, and upon that day receives a blow upon the

shoulder, side and under the shoulder-blade by a shaft being driven through the panel of the back of the car where she was sitting and striking her; and assuming that in April, May and June there was a swelling developed upon the shoulder, and subsequently in July two lypomas were found, one upon the apex of the shoulder and the other under the shoulder-blade, could you state with reasonable certainty upon the facts as I have assumed them whether these two lypomas were caused by the injury that I have referred to as the exciting cause? The first question is, can you state with reasonable certainty? That calls for an answer — Yes or No?" The witness attempted to make an explanatory answer, and the court directed him to answer the question yes or no. Counsel then restated the question: "Assuming there has been no other injury, and assuming the facts as I have stated them, can you say with reasonable certainty as to whether the injury could be the exciting cause? That calls for an answer, Yes or No, whether you can say so. It does not call for the full answer yet?" Answer: "Yes, I could." Counsel then asked: "Upon the facts, upon such an assumed state of facts as I have given in my question, will you state whether or not such an injury was the exciting cause of these lypomas?" Answer: "I would, assuming that this patient had had no other lypomas, I would say yes, no other developed anywheres, no other lypomas or fatty tumors developed anywheres, I would say yes." Counsel for defendant, without stating any reason, moved to strike out the answer, and the court responded: "I will permit it to remain upon the assumption that plaintiff's counsel will show she had none." Defendant's counsel took an exception, and subsequently the plaintiff was recalled and testified that she had never had any of these fatty tumors prior to the accident, or prior to the two which were removed in July, 1900. No further motion was made to strike out the testimony of Dr. Smith after the recall of the plaintiff, though, upon the cross-examination of the witness, defendant's counsel made a motion to "strike out the answer as to the reasonable certainty of the cause," which motion was denied, and an exception was taken by the defendant. It is now urged that it was error to permit this testimony of Dr. Smith to stand on the ground that it was speculative and remote. Whatever we might have thought of the objection, in the absence of testimony showing that the plaintiff had had

no other fatty tumors, we are of opinion that the testimony was competent under the question as it was put after the defect had been supplied. And, even if it were not, the defendant, by apparently acquiescing in the ruling of the court by not renewing the motion after the question had been perfected by supplying the proof, must be deemed to have waived the point. The case of *Laidlaw* v. *Sage* (158 N. Y. 73) does not conflict with this view. Dr. Smith, as an expert, might properly answer a hypothetical question based upon the evidence, and it was within the discretion of the court to permit a defect in evidence to be supplied in order to perfect the question and to support the answer. (See *Matter of Lasak*, 131 N. Y. 624, 628.)

If we are right upon this point, it follows that the second suggestion of defendant, that the court erred in declining to charge the jury that there is no permanency of injury proved in this case, is not well founded. There was some evidence that the lypomas were caused or at least developed by the accident, so that it was necessary to permit a surgical operation, and Dr. Wight testified that there was a defective condition of the shoulder at the point where the incision was made for the removal of the fatty tumors, and that he could say with reasonable certainty that "the condition I have described as to the shoulder will be permanent." Whether the evidence produced upon this point was sufficient to constitute proof of the permanency of the injuries was for the jury to determine, and the court properly refused to charge as requested.

Under the oft-reiterated rule recognized in this court, that a verdict of a jury will not be disturbed merely because we might differ as to the amount if we were acting in the capacity of jurors, we are of opinion that the verdict for $1,900 was not so far excessive as to warrant the conclusion that it was the result of mistake, prejudice, passion, or any improper motives on the part of the jury, and the judgment should stand.

The judgment and order appealed from should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.